Filed 1/29/14  P. v. Garland CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

| | |
|---|---|
| THE PEOPLE, | C074078 |
| Plaintiff and Respondent, | (Super. Ct. No. 12F07052 & 12F07057) |
| v. | |
| CODY KEITH GARLAND, | |
| Defendant and Appellant. | |

This appeal comes to us pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).

In case No. 12F07052, a first amended complaint charged defendant Cody Keith Garland with making criminal threats (count one; Pen. Code, § 422),[1] violating a protective order (count two; § 166, subd. (c)(1)), and brandishing a deadly weapon (count three; § 417, subd. (a)(1)).  All counts were alleged to have occurred on or about October 1, 2012.  Defendant was also alleged to have served two prior prison terms (§ 667.5, subd. (b)).

---

[1]     Undesignated section references are to the Penal Code.

1

In case No. 12F07057, a first amended complaint charged defendant with unlawfully taking or driving a motor vehicle (counts one, three, & five; Veh. Code, § 10851, subd. (a)); receiving a stolen vehicle (counts two, four, & six; § 496d, subd. (a)); receiving stolen property (count seven; § 496, subd. (a)); and passing a fraudulent check (count eight; § 476). Counts one and two were alleged to have occurred on or about and between August 27 and September 2, 2012; counts three and four were alleged to have occurred on or about and between August 7 and September 8, 2012; counts five and six were alleged to have occurred on or about and between October 24 and October 26, 2012; count seven was alleged to have occurred on or about and between August 29 and October 26, 2012; and count eight was alleged to have occurred on or about October 26, 2012. The same prior prison terms were alleged as in case No. 12F07052.

On April 29, 2013, in case No. 12F07052, defendant pled no contest to assault with a deadly weapon (§ 245, subd. (a)(4)), a reasonably related offense to count one, for a stipulated state prison term of three years. That same day in case No. 12F07057, defendant pled no contest to counts one and three (Veh. Code, § 10851, subd. (a)) for an additional eight months consecutive on each count. All remaining counts and allegations were to be dismissed under the terms of the agreement.[2]

---

[2] A third case (case No. 12F07259) is discussed in the probation report and at sentencing, but no complaint or information in this case appears in the record. According to the probation report, defendant was charged therein with unlawful taking or driving of a vehicle (count one; Veh. Code, § 10851, subd. (a)), receiving a stolen automobile (count two; § 496d, subd. (a)), receiving stolen property (count three; § 496, subd. (a)), and passing a fraudulent check (count four; § 476). Since these charges appear to duplicate some of the counts in case No. 12F07057, it appears that the two cases were consolidated at some point, but if so the record does not clearly reflect the consolidation.

At the time defendant entered his plea, the People moved to dismiss case No. 12F07259 in the interest of justice, with a *Harvey* waiver (*People v. Harvey* (1979) 25 Cal.3d 754 (*Harvey*)) for victim restitution. At sentencing, the trial court dismissed the case, but reserved jurisdiction as to victim restitution.

The prosecutor recited the factual basis for the plea as follows:

"As to 12F07052, the victim and defendant and [*sic*] in a long dating relationship and have two children together, a 12-year-old and a five-year-old.

"About a week prior to October 1st of 2012, the victim and the defendant terminated their relationship.

"The victim[,] on October 1st of 2012, dropped off her son at [school]. The defendant followed the victim and threatened her and said that he was going to beat her face in like a man, and he told her *You're done; you're done.* He then spit in her face. She was very concerned for her safety, and he also threw a cell phone at her and said that he was going to take their son out of school.

"During the incident, he took out a Gerber knife tool out of his pocket and then walked past her. The victim was concerned for her safety and her son's safety during the incident.

"As to 12F07057, Count One, on August 27th of 2012, in the [C]ounty of Sacramento, [v]ictim Kenneth D[.]'s . . . car was taken without his permission from his apartment parking lot, and all the keys were accounted for.

"On September 2nd of 2012, in the [C]ounty of Sacramento, officers conducted a traffic stop on the vehicle that defendant was driving. The defendant was driving the victim's car without his permission. The car did not have license plates, the steering column had been tampered with, and the VIN number was covered with fabric softener. The victim does not know the defendant and did not give him permission to drive the car.

---

The trial court stated that the plea was conditional, pending the submission of a presentence probation report. The court took the People's motion to dismiss the remaining charges under submission pending judgment and sentence.

3

"As to Count Three, on August 7th, 2012, [v]ictim Robert S[.]'s vehicle was stolen from in front of his residence in Sacramento [C]ounty. All the keys were accounted for.

"On September 8th, 2012, in the [C]ounty of Sacramento, officers observed the defendant driving the victim's vehicle without license plates. The defendant did not have permission to drive the victim's vehicle. Officers conducted a vehicle stop, and the defendant immediately put his hands out the window without being told to do so. The car had a shaved key in the ignition which would commonly be used to steal cars.

"The defendant claimed that his wife had bought the car from Craigslist. The witness was contacted who said that she was not defendant's wife but his girlfriend, and she denied that she had purchased the car off of Craigslist. Victim did not know the defendant and did not give him permission to drive the vehicle."

On May 24, 2013, after denying defendant's motion to withdraw his plea, the trial court imposed a state prison sentence of four years four months pursuant to the plea agreement, awarding defendant 414 days of presentence custody credits (207 actual days and 207 conduct days). The court imposed a $600 restitution fine and a suspended parole revocation restitution fine in the same amount as to case No. 12F07052, and a $400 restitution fine and a suspended parole revocation restitution fine in the same amount as to case No. 12F07057. The court also imposed a $120 court operations fee (§ 1465.8) and a $60 conviction assessment fee (Gov. Code, § 70373). The court dismissed the remaining counts in both cases in the interests of justice. The court also dismissed case No. 12F07259 in the interest of justice with a *Harvey* waiver.

In addition to sentencing on the above cases, the trial court also found that defendant had admitted violating probation in case No. 12M02400, as to which the record does not contain any further information. The court imposed no additional time in this case, but ordered a restitution fine of $140 (§ 1202.4).

4

In addition to the fines and fees mentioned above, the abstract of judgment (filed on May 31, 2013, one week after the sentencing hearing) states that defendant is to pay a "booking fee" of "$331.98 x 2" and a "c[l]ass[ification] fee" of "$60.18 x 2" under unspecified statutes. The abstract of judgment also states that defendant is to pay a total of $2,112.88 in victim restitution in case No. 12F07057, consisting of $1,780.90 to victim Kenneth D. and $331.98 to victim Robert S. The abstract of judgment does not mention the $140 restitution fine ordered by the trial court in case No. 12M02400.

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra,* 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant. Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

However, we must remand the matter to the trial court with directions to prepare an amended abstract of judgment. First, the new abstract of judgment must delete the "booking fee" and "c[l]ass[ification] fee," which are not mandatory and were not imposed orally by the trial court at sentencing. (Gov. Code, § 29550.2 [court must find defendant has ability to pay jail booking and classification fees]; *People v. Zackery* (2007) 147 Cal.App.4th 380, 385 [oral pronouncement of judgment prevails over any contradictory written order].) Second, the new abstract of judgment must delete the award of victim restitution in case No. 12F07057, which is not reflected in any statement by the trial court, and must indicate instead that the court has reserved jurisdiction of victim restitution in that case. Third, the new abstract of judgment must include the $140 restitution fine ordered by the trial court in case No. 12M02400 pursuant to section 1202.4.

**DISPOSITION**

The matter is remanded to the trial court with directions to prepare a corrected abstract of judgment as described above and to forward a certified copy of the corrected abstract of judgment to the Department of Corrections and Rehabilitation. In all other respects, the judgment is affirmed.

　　　　　　　　　　　　　　　　　　　　　　　　BLEASE　　　　　　　, Acting P. J.

We concur:

　　BUTZ　　　　　　　, J.

　　MURRAY　　　　　, J.

6